UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEMAR THOMPSON, and others,<br><br>  Plaintiffs,<br><br>  v.<br><br>C&H SUGAR CO., and others,<br><br>  Defendants. | Case No. 12-cv-00391 NC<br><br>**ORDER REGARDING PAGE LIMITATIONS**<br><br>Re: Dkt. Nos. 71, 76 |

On July 24, 2013, the Court granted a stipulation among the parties to allow defendants to file a separate motion for summary judgment as to each plaintiff in this employment discrimination action. Dkt. No. 44. The Court limited the page allowance for the briefing, stating that "the cumulative pages of defendants' opening and reply briefs in support of summary judgment must not exceed 75 pages. Plaintiffs' opposition brief to summary judgment must not exceed 60 pages." *Id*. On September 24, 2013, defendants sought clarification from the Court that the prior order's 75 page limitation "does not apply to declarations and exhibits filed in support of the opening and reply briefs." Dkt. No. 51. The Court confirmed that the limitation did not include declarations or exhibits. Dkt. No. 52. However, on November 20, 2013, plaintiffs filed a motion to amend or correct the

order of clarification, because in their letter seeking clarification defendants described the Court's July 24, 2013 order as limiting "the 'cumulative pages' of Defendants' opening and reply briefs in support of *each* summary judgment motion to not more than 75 pages…." Dkt. No. 51 (emphasis added). Defendants apparently misunderstood the Court's July 24, 2013 order as allowing 75 pages of summary judgment briefing for each plaintiff, which would have amounted to well over one thousand pages of total briefing.

Following a call with the Court on November 20, 2013, in which the Court explained that its July 24, 2013 order indeed sought to limit *total* briefing across all plaintiffs to 75 pages for defendants and 60 pages for plaintiffs, the parties met and conferred regarding page limitations. The parties submitted a joint letter brief on November 21, 2013, outlining their respective proposals for adequate page length for summary judgment briefing. Dkt. No. 76.

The Court rules as follows: defendants will be permitted 90 pages of *total* summary judgment briefing, for both motion and reply, for all nine remaining plaintiffs. The defendants' already-filed motion for summary judgment as to plaintiff Crystal Coleman does not count towards the 90 pages. *See* Dkt. No. 54. This amounts to 10 total pages per remaining plaintiff, though defendants may use additional or fewer pages for each plaintiff as they see fit, as long as they remain within their 90 page total limit. Plaintiffs will be permitted 75 total pages to oppose all motions. Exhibits and declarations do not count towards the parties' total page limitations.

IT IS SO ORDERED.

Date: November 21, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge