UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEMAR THOMPSON, and others,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>C&H SUGAR COMPANY, INC., and others,<br><br>　　　　　　Defendants. | Case No. 12-cv-00391 NC<br><br>**ORDER REGARDING SEARCH TERMS AND DEPOSITION TOPICS**<br><br>Re: Dkt. Nos. 98, 102, 107, 112 |

　　　The parties have struggled in their efforts to communicate and cooperate in the discovery process in this employment discrimination action. As a result, the Court is now tasked with selecting e-discovery search terms and 30(b)(6) deposition topics—an endeavor better left to the parties themselves.

　　　First, the parties disagree as to whether deposition topics and email searches should be limited to the time period from 2009 until present. Defendants argue that this is the only time period relevant, because plaintiffs' claims stemming from acts prior to 2009 are outside the statutes of limitations of FEHA and Title VII. The Court has not yet ruled on defendants' motion for summary judgment regarding the statute of limitations issue. However, regardless of that ruling, the Court finds that plaintiffs' request for information

prior to 2009 related to discriminatory training or promotion of black employees at C&H is reasonably calculated to lead to the discovery of admissible evidence, at a minimum as background evidence. *See Lyons v. England*, 307 F.3d 1092, 1111-12 (9th Cir. 2002) (finding that evidence of discrimination that took place outside the limitations period was nonetheless "relevant as background and may be considered by the trier of fact in assessing the defendant's liability for plaintiffs' denials of promotion [that occurred within the statutory period]"). Therefore, the Court orders deposition topics and e-discovery searches to cover the time period from 2002 until present.

    As for the search terms, the Court finds that plaintiffs' proposed terms are overbroad and that reviewing discovery based on those terms would be unduly burdensome for defendants. Plaintiffs' list includes hundreds of search terms without any connectors or limitations. The Court finds defendants' proposed list to be fair and appropriately tailored to the facts and scope of the case. Defendants' proposed protocol is equally reasonable. Therefore, the Court orders defendants to perform e-discovery searches as set forth in their proposal at docket entry 112. Defendants must begin the production immediately and report to the Court on the estimated date of completion within seven days of this order.

    Lastly, the parties disagree as to 30(b)(6) topics. In light of the Court's ruling that information related to racial discrimination at C&H before 2009 is discoverable, the Court requires that the parties revisit their list of disputed topics. The parties are ordered to submit to the Court, within seven days of this order, a chart listing only the disputed 30(b)(6) topics for C&H deponents, along with a short statement from each party as to their respective positions for each topic. The Court will rule on whether ASR is an appropriate defendant, and therefore an appropriate deponent, as soon as possible.

    IT IS SO ORDERED.

Date: March 11, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge