1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JEMAR THOMPSON, and others, | Case No. 12-cv-00391 NC |
| Plaintiffs, | |
| v. | **OMNIBUS DISCOVERY AND SCHEDULING ORDER** |
| C&H SUGAR COMPANY, INC., and others, | |
| Defendants. | Re: Dkt. Nos. 87, 98, 101, 102, 107, 112, 117, 135, 139 |

19
20
21
22
23
24
25
26
27

    This order resolves several pending matters in this employment discrimination action:

1) whether defendants must authenticate all produced documents; 2) which deposition

topics a C&H 30(b)(6) witness must be prepared to address; 3) whether C&H investigation

memoranda and interview notes were properly withheld on the basis of the attorney work

product doctrine; 4) whether defendants have provided sufficient support to warrant sealing

documents filed in opposition to their motion for summary judgment; 5) whether to impose

costs on defendants for completion of the in-person deposition of Kenneth Engel; 6)

whether to order evidentiary sanctions against defendants for delays in their production of

documents; 7) whether to amend the case schedule.  Each issue is addressed in turn.

28

1

**RELEVANT BACKGROUND**

2

Plaintiffs are African American employees of C&H Sugar's packaging department.

3 Dkt. No. 1 at ¶¶ 3, 10-11.  Plaintiffs allege that they were denied training and promotion

4 opportunities at C&H due to plaintiffs' race, in violation of Title VII of the Civil Rights Act

5 of 1964.  *Id.* at ¶¶ 3, 15, 21.

6

Plaintiffs specifically allege that C&H employee Cliff Sullivan had discretion to

7 promote and train, and that he denied promotion and training to plaintiffs based on their

8 African American race.  *Id.* at ¶¶ 12, 44, 58, 65.  To support this allegation, plaintiffs seek

9 documents related to a 2010 internal investigation of hotline complaints that employees

10 made against Cliff Sullivan, complaining that he discriminated on the basis of race.  Dkt.

11 No. 87, 94.

12

On March 24, 2014, the Court denied defendants' motion for summary judgment as to

13 plaintiff Crystal Coleman.  Dkt. No. 138.  Defendants' motion for summary judgment as to

14 the additional plaintiffs is noticed for hearing on April 23, 2014.  Dkt. No. 129.

15

**DISCUSSION**

16 **A.    Authentication of Documents**

17

Plaintiffs ask Defendants, through either a request for admissions or a 30(b)(6)

18 witness, to authenticate the genuineness of all the documents C&H has produced in this

19 litigation, which amount to over 14,000 pages.  Plaintiffs do not explain the need to

20 authenticate every document produced in this case, and the Court will not order defendants

21 to undergo that burden.  *See Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*,

22 No. 07-cv-01359 PJH (JL), 2008 WL 5214283, at *1 (N.D. Cal. Dec. 12, 2008) (denying a

23 request as unreasonable to "provide a witness knowledgeable enough to authenticate the

24 2,700 individual documents of 150,000 pages.").  Defendants offered to authenticate a

25 subset of documents, and the Court finds that approach to be reasonable.

26

The parties must meet and confer to identify the documents most likely to be

27 relevant to the remaining dispositive motions and trial.  Once they have agreed to a subset

28 of relevant documents, then the parties can determine whether stipulation, a request for

1   admissions, or a 30(b)(6) witness is the most efficient manner to authenticate the

2   documents. Any of these approaches are permissible methods of authenticating documents.

3   *See Stokes v. Interline Brands Inc.*, No. 12-cv-05527 JSW (DMR), 2013 WL 6056886

4   (N.D. Cal. Nov. 14, 2013) (ordering defendants to respond to a request for admission to

5   authenticate a limited set of documents). The parties must update the Court within seven

6   days of this order as to whether they have resolved this issue. If they are not able to agree

7   on a list of documents and the method of authentication, then the parties must provide the

8   Court with their proposed lists and authentication method when they submit their update.

9   The Court will then resolve the issue at the upcoming case management conference. For

10  now, plaintiffs' request to compel defendants to authenticate all documents is denied.

11  **B.    30(b)(6) Deposition Topics**

12         In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

13  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant

14  for discovery purposes if it "appears reasonably calculated to lead to the discovery of

15  admissible evidence." *Id.* However, the Court must limit the scope of discovery if it

16  determines that "the burden or expense of the proposed discovery outweighs its likely

17  benefit, considering the needs of the case, the amount in controversy, the parties' resources,

18  the importance of the issues at stake in the action, and the importance of the discovery in

19  resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). A witness testifying on behalf of an

20  organization "must testify about information known or reasonably available to the

21  organization." Fed. R. Civ. P. 30(b)(6).

22         The parties submitted a chart outlining their positions regarding disputed C&H

23  30(b)(6) deposition topics. The Court rules as follows:

24         **i.    Topics 4, 5, 6, 7**

25         These deposition topics all seek information regarding whether non-union (i.e.

26  supervisory) employees were evaluated or promoted because of, or in spite of, their training

27  and promotion of union employees on the basis of race. Plaintiffs argue this information is

28  relevant to their failure to prevent discrimination claim because a "noticeable indication of

Case No. 12-cv-00391 NC
OMNIBUS ORDER                    3

1   racial preference in training would have caused the employer to proactively intervene." If a

2   supervisory employee were promoted despite knowledge of that employee's racially

3   discriminatory promotion practices, that evidence would be relevant to a failure to prevent

4   discrimination claim. But as written, these topics are not tailored to notify the witness of

5   the information plaintiffs seek, and the topics are unnecessarily duplicative. Therefore,

6   plaintiffs' request to compel testimony regarding these four topics, as written, is denied.

7   Plaintiffs may instead include a single topic aimed at discovering whether C&H evaluated

8   or promoted supervisory employees based on their promotion of union employees based on

9   race. The parties should stipulate to the exact language of this topic.

10          **ii.      Topic 18**

11          Plaintiffs seek testimony regarding "[t]he role of each person materially involved in

12   the negotiation of the 2003 collective bargaining agreement on behalf of C&H." Plaintiffs'

13   theory of relevance hinges on defendants' argument in its earlier summary judgment motion

14   that plaintiff Coleman was barred from recovery due to her failure to exhaust remedies

15   through the collective bargaining agreement. Plaintiffs want the testimony in order to show

16   the "negotiating committee's intent to obligate employees to grieve complaints of race

17   discrimination within the confines of the 2003 CBA." The Court did not address the issue

18   of exhaustion of collective bargaining remedies in its order denying summary judgment,

19   primarily because defendants conceded in their motion that "exhaustion of grievance

20   procedures is generally not required where an employee seeks to enforce statutory

21   discrimination claims." Dkt. No. 54 at 27. That statement of the law is correct, and the

22   Court will not entertain arguments that plaintiffs are barred from recovery under FEHA or

23   Title VII based on a failure to exhaust collective bargaining remedies. *See Williams v.*

24   *Owens-Illinois, Inc.*, 665 F.2d 918 (9th Cir. 1982) (finding plaintiffs are not required to

25   exhaust remedies provided in collective bargaining agreements before pursuing

26   discrimination claims under Title VII). Therefore, this topic seeks irrelevant information

27   and the request to compel testimony based on this topic is denied.

28

Case No. 12-cv-00391 NC
OMNIBUS ORDER                     4

### iii.    Topic 24

Plaintiffs seek testimony regarding the investigation of 2010 hotline complaints alleging race discrimination by Cliff Sullivan and Sam Lee.  Defendants object to the topic based on privilege.  Although the Court ruled that emails regarding the investigation between David Arm and senior HR employees were attorney-client communications, Dkt. 118, it does not follow that the entire subject of the investigation is privileged.  As discussed below, the Court finds that memoranda and notes created as part of the investigation are not privileged or protected by the attorney work product doctrine.  Counsel may object to specific questions that call for attorney-client communications, but the topic of the investigation as a whole is not privileged.  The request to compel testimony related to this topic is therefore granted.

### iv.    Topic 28

Plaintiffs seek testimony regarding C&H's "[p]olicy, procedure, and practice of hiring racial minority employees in the Packaging Department, from 2002 to the present."  The request to compel testimony regarding this topic is denied because it seeks irrelevant information.  Plaintiffs have not established that defendants' practices regarding hiring have any connection to their practices regarding training and promotion.

### v.    Topic 29

Plaintiffs seek testimony regarding whether C&H maintained SAP Modules regarding the "race, ethnicity and/or national origin" of both union and non-union employees in the Packaging Department.  The Court grants in part and denies in part the request to compel testimony on this topic.  The request is granted as to testimony regarding whether C&H maintained "race, ethnicity and/or national origin" SAP Modules for union employees, but the request is denied as to non-union employees.  Plaintiffs have stated no reason why the data on non-union employees would be relevant to plaintiffs' claims, when all plaintiffs are union employees.

### vi.    Topic 30(a)

Plaintiffs seek testimony regarding which department or personnel was in charge of

Case No. 12-cv-00391 NC
OMNIBUS ORDER                    5

investigating race discrimination at C&H prior to its sale to ASR.  This information is directly relevant to claims of discrimination for those plaintiffs employed prior to 2006 who have claims that are not time-barred.  Therefore, plaintiffs' request to compel testimony as to Topic 30(a), as drafted by plaintiffs, is granted.

### vii.    Topics 30(c) and 30(d)

Plaintiffs seek testimony regarding plaintiffs' pay and the C&H payroll department. Plaintiffs do not adequately explain the relevance of this information.  Their claims are based on discriminatory promotion, not discriminatory pay.  This request is therefore denied.

### viii.    Topics 30(g) and 30(h)

Plaintiffs seek testimony regarding "the role of each employee in each department" at C&H regarding topics 30(a)-(f).  Plaintiffs claim this information is relevant to discover "which person or position at C&H had certain duties in identifying and/or preventing allegations of race discrimination."  Although the requested information could be relevant to plaintiffs' claims, these topics as drafted are fatally overbroad.  The request to compel testimony based on these topics is therefore denied.  Plaintiffs may seek to stipulate with defendants to a single topic narrowly tailored to capture testimony regarding which person or position at C&H had the duty to identify or prevent race discrimination both before and after ASR acquired C&H.

### ix.    Topics 31 and 32

Plaintiffs seek testimony from a 30(b)(6) witness to authenticate documents produced by C&H.  As discussed above, the parties must meet and confer to determine an appropriate number of relevant documents and the method of authentication.  At this time the request to compel testimony related to these topics is denied.

## C.    C&H Investigation Documents

Plaintiffs moved to compel production of several documents related to a 2010 investigation of employee hotline complaints alleging Cliff Sullivan engaged in race discrimination.  Dkt. Nos. 87, 94.  These documents include emails, memos, and interview

notes. *Id.* The Court previously found that the emails were protected by the attorney-client privilege. Dkt. No. 108 at 5. The Court also found that the memos and interview notes were attorney work product, but that plaintiffs demonstrated substantial need for these documents. *Id.* The Court ordered in camera review of the memoranda and interview notes in order to determine whether they revealed the mental impressions of attorney David Arm or his agent.

Federal Rule of Civil Procedure 26(b)(3) states that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). However, those materials may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* But even when the Court finds disclosure is warranted due to substantial need, the Court must still "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The burden is on the party claiming the privilege to establish that the withheld documents are protected by the attorney work product. *See United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002).

Although David Arm asserted that he "essentially ghostwrote" the legal conclusions in the memoranda regarding Cliff Sullivan, the Court has reviewed the memoranda in camera and finds no legal conclusion section or portions that could be understood to reveal legal conclusions. The memos appear to be written by David Wilhelm in the first person, and offer his conclusions as to work place dynamics and his recommendations for trainings and other HR steps that C&H should take. Because the memos do not appear to reveal the mental impressions of David Arm or his agent and the Court previously found that plaintiffs have demonstrated substantial need, the Court orders that the memos be produced within seven days of this order.

1    Nor does the Court find that attorney or agent mental impressions are revealed in

2 Wilhelm's interview notes.  First, the Court notes that although it previously held that

3 Arm's declaration was sufficient to meet C&H's burden of showing that the interview notes

4 were work product, that finding is now in serious doubt after review of the documents.  It

5 appears from the documents that Wilhelm interviewed employees and drafted memos for

6 the purpose of making human resources decisions, rather than in anticipation of litigation.

7    Regardless, to the extent that Wilhelm could be considered to be an agent of David

8 Arm in conducting an investigation in anticipation of litigation, the notes would nonetheless

9 be fact work product rather than opinion work product, because they appear to reveal only

10 contemporaneous witness statements rather than Wilhelm's or Arm's impressions of those

11 statements.  *See Moreno v. Autozone, Inc.*, No. 05-cv-04432 CRB (EMC), 2008 WL 906510

12 (N.D. Cal. Apr. 1, 2008) (finding that witness statements and questionnaire answers

13 revealed facts but not opinion) (citing *In re Qwest Communs. Int'l, Inc. Sec. Litig.*, 2005

14 U.S. Dist. LEXIS 19129, at *16 (D. Colo. Aug. 15, 2005) ("to the extent that during the

15 interviews . . . an attorney made contemporaneous notes which purport to report or record,

16 either in whole or in part by direct quote or paraphrase, statements made by a witness, then

17 those statements constitute 'fact' work-product subject to discovery")); *but see S.E.C. v.*

18 *Berry*, 07-cv-04431 RMW HRL, 2011 WL 825742, at *9 (N.D. Cal. Mar. 7, 2011) (finding

19 interview memoranda revealed mental impressions because "the memoranda are not

20 verbatim or even substantially verbatim records of the interviews, and [] the memoranda

21 reflect the attorneys' thought processes in selecting and summarizing portions of the

22 interviews based on the attorneys' understanding and judgment of which facts and

23 comments were important.").  Wilhelm's notes record interviewees' exact or nearly exact

24 answers to a list of basic questions, and the interviewed employees were selected at random.

25 The Court finds no mental impressions that must be protected in the face of the substantial

26 need of the requesting party.  Therefore, the Court orders defendants to produce the

27 interview notes within seven days of this order.

28

1

**D.      Administrative Motion to Seal**

2   There is a presumption of public access to judicial records and documents. *Nixon v.*

3   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Therefore, a party must normally

4   demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion.

5   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "[T]he party

6   seeking protection bears the burden of showing specific prejudice or harm will result,"

7   *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

8   2002), and must make a "particularized showing . . . with respect to any individual

9   document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d

10  1096, 1103 (9th Cir. 1999).  "Broad allegations of harm, unsubstantiated by specific

11  examples or articulated reasoning" are insufficient.  *Beckman Indus., Inc. v. Int'l Ins. Co.*,

12  966 F.2d 470, 476 (9th Cir. 1992).  Requests to file under seal must be "narrowly tailored,"

13  and "[a] sealing order may issue only upon a request that establishes that the document, or

14  portions thereof, are privileged, protectable as a trade secret or otherwise entitled to

15  protection under the law."  Civil L.R. 79-5(b).

16  Defendants move to seal the personnel records of several current and former C&H

17  employees.  The declaration of HR employee Jill Nohl identifies with particularity the

18  documents that contain potentially sensitive employee personnel information.  But

19  defendants cite no legal authority demonstrating that there is a legal basis for protecting this

20  employment information.  The burden is on the party seeking protection, not the Court, to

21  provide the basis for why a document is "entitled to protection under the law."  Civil L.R.

22  79-5(a).  The local rules are painfully clear that "[a] stipulation, or a blanket protective

23  order that allows a party to designate documents as sealable, will not suffice to allow the

24  filing of documents under seal."  *Id.*  Yet defendants rely on their stipulation and protective

25  order with plaintiffs as a sufficient reason for the Court to order documents to be sealed.

26  This will not suffice to overcome the strong presumption of public access to judicial

27  records.

28  The motion is denied without prejudice.  Defendants may move to seal these

employment records, within seven days of this order, if they can provide sufficient legal and factual bases for the Court to order protection from disclosure. The parties must ensure that all future motions to seal are compliant with the requirements of the local rules.

**E.    Deposition of Kenneth Engel**

In a letter brief filed on March 26, plaintiffs request that the Court order defendants to pay for the cost of completing the in-person deposition of Kenneth Engel, former ASR vice president of HR. Dkt. No. 139. Engel's previous deposition ended 1.5 hours early due to Engel insisting on leaving for a medical appointment. Defendants claim that Engel did not inform counsel of the medical appointment until the night before the deposition. Defendants propose completing the last hour and a half by video conference deposition and they offer to pay for the cost of the video deposition service. Although plaintiffs are rightfully annoyed by defendants' lack of control over their witness, they have not explained why video deposition is inadequate for the remaining portion of the deposition. The Court orders Engel to appear by video conference deposition for up to two hours, with costs of the video conference service to be paid by defendants. The deposition must take place within fourteen days of this order.

Plaintiffs separately complain that Engel refused to answer a question asking why he was terminated from his position at ASR. Engel is ordered to answer the question. The answer could be relevant to plaintiffs' claims and the subject does not appear to be privileged.

**F.    Pre-2009 Time Sheet Data**

Plaintiffs seek unspecified evidentiary sanctions due to defendants' delay in producing pre-2009 time sheet data. Defendants explain the difficulty in gathering this information and claim that they have acted diligently in trying to locate and produce the data, and in keeping counsel and the Court informed of their progress. The Court orders defendants to submit an update by 5:00 p.m. on March 31, 2014, informing the Court and plaintiffs of the status of the production of pre-2009 time sheet data, and proposing a specific date by which they will complete the production. The Court at that time will assess

1  if the estimate is reasonable.  Sanctions may be imposed if defendants do not complete the
2  production within the next deadline.

3  **G.    Scheduling**

4      The parties filed a stipulation and proposed order to amend the current case schedule.
5  In that stipulation, the parties indicate that plaintiffs intend to move to re-open fact
6  discovery.  Whether fact discovery is open or closed will impact any case schedule, and
7  therefore the Court finds it sensible to deal with this issue immediately.  If plaintiffs wish to
8  bring a motion to re-open fact discovery, they must do so by April 9, 2014.  Defendants
9  must oppose or state their nonopposition by April 16, 2014.  No reply will be permitted and
10  the Court will hear the motion and discuss the proposed case schedule on April 23, 2014, at
11  1:00 p.m. in Courtroom A.

12                                **CONCLUSION**

13      This order resolves the remaining disputes presented in docket entries 87, 98, 101,
14  102, 107, 112, 117, 135, and 139.  The Court encourages both parties to take reasonable
15  positions and to better manage their own discovery process.

16      IT IS SO ORDERED.

17      Date:  March 28, 2014

18  _____
19  Nathanael M. Cousins
    United States Magistrate Judge

20

21

22

23

24

25

26

27

28

Case No. 12-cv-00391 NC
OMNIBUS ORDER                    11