UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEMAR THOMPSON, and others,<br><br>Plaintiffs,<br><br>v.<br><br>C&H SUGAR CO., and others,<br><br>Defendants. | Case No. 12-cv-00391 NC<br><br>**ORDER DENYING MOTION TO SEVER; ORDERING FURTHER BRIEFING REGARDING PROMOTIONS**<br><br>Re: Dkt. Nos. 179, 180, 181, 182 |

Yesterday the parties filed letter briefs regarding their disputes as to 1) whether the trial should be severed between plaintiffs Coleman, Thompson, and the eight other plaintiffs; and 2) which promotions remain actionable for all ten plaintiffs. Because severing would be inefficient and prejudice plaintiffs, the Court denies defendants' request to sever the trial of plaintiffs Coleman and Thompson. The Court also orders additional briefing to assist the Court in ruling on the remaining promotions issue.

**A.   Motion to Sever**

Defendants argue that plaintiffs Coleman and Thompson should have separate trials from the eight additional plaintiffs because Coleman and Thompson have actionable claims for denied promotions that occurred over a longer time period than the other eight plaintiffs.

Dkt. No. 179. This is because the Court's earlier ruling partially granting summary judgment limited the claims of eight of the plaintiffs to those denied promotions occurring within the statute of limitations period for FEHA, Title VII, and § 1981. Dkt. No. 176. On the other hand, the Court found that claims for denied promotions outside the statute of limitations period are still actionable for plaintiffs Coleman and Thompson. Dkt. Nos. 175, 176.

Defendants' argument is premised on the notion that evidence of discriminatory behavior prior to 2010 is not admissible for plaintiffs whose pre-2010 claims are time-barred. Defendants are mistaken. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim."); *Lyons v. England*, 307 F.3d 1092, 1110 (9th Cir. 2002) (evidence of acts outside the statute of limitations period is admissible when it is relevant to "whether the defendant intentionally discriminated against the plaintiff because of his race.") (internal quotation marks omitted); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1192 (9th Cir. 2003) *opinion amended on denial of reh'g*, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003) ("while these claims are not independently actionable, evidence about the District's refusal to hire Raad for a full-time teaching position in 1991 and 1992 is relevant and admissible insofar as it bears on her claim that she was discriminatorily refused a full-time position in August 1993."); *Njenga v. San Mateo Cnty. Superintendent of Sch.*, No. 08-cv-04019 EDL, 2010 WL 1261493, at *13 (N.D. Cal. Mar. 30, 2010) ("Plaintiff is not barred from using pre-limitations acts as background evidence in support of her Title VII claim, even though she cannot seek damages for those earlier incidents.").

Because every plaintiff may point to evidence of pre-2010 discrimination in support of their failure to promote claims, even if those prior acts are not actionable for certain plaintiffs, trying Coleman's and Thompson's claims separately would lead to duplicative presentations to the jury. The Court finds that carefully crafted jury instructions will assure that jurors consider only those promotions that are actionable for each plaintiff. Thus,

severing certain plaintiffs' claims would delay the proceedings and multiply costs, thereby prejudicing plaintiffs and burdening the Court rather than serving the interest of justice or protecting defendants from prejudice. *See Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1156 (N.D. Cal. 2011) ("Court may exercise its discretion to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]") (internal quotation marks omitted). The motion to sever is therefore denied.

## B. Further Briefing

The parties also dispute which denied promotions remain actionable based on the Court's prior summary judgment rulings. The Court finds that additional briefing is required. Plaintiffs' brief must specifically identify: 1) when plaintiffs identified in discovery each promotion they claim is actionable and, if applicable, the legal justification for failing to disclose promotions; 2) legal support for keeping in the case those promotions denied after Cliff Sullivan's departure; 3) legal support for keeping in the case those promotions denied after Hardy and Strong left the packaging department. Plaintiffs must file their brief within seven days of this order, and the brief must not exceed seven pages, excluding attachments. Defendants must file their opposition brief within seven days after plaintiffs' brief, and defendants' brief must also not exceed seven pages, excluding attachments. Plaintiffs may then file a reply, not to exceed three pages, within three days of defendants' opposition.

IT IS SO ORDERED.

Date: May 13, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-00391 NC
ORDER DENYING MOTION TO SEVER                3